UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CARLOS CRUZ BAEZ, et al.,**
Plaintiffs,                                                                            **CIVIL NO. 01-1619 (DRD)**

v.

**ISIDRO NEGRON IRIZARRY, et al.,**
Defendants

| MOTION | RULING |
|---|---|
| **Date Filed:** 06/27/05<br>[ ] **Plff**            [X] **Deft**<br>[ ] **Other**<br><br>**Docket No.:** 125<br><br>**Title:** MOTION TO DISMISS THE CLAIMS OF CO-PLAINTIFFS WANDA I. ACOSTA OCASIO, LUZ M. BAEZ AND EPIFANIA GUZMAN CRUZ FOR WANT OF PROSECUTION | **GRANTED**. Plaintiffs **Wanda I. Acosta Ocasio, Epifania Guzman, and Luz M. Baez** were given an unequivocal order to show cause on or before July 16, 2002 as to why their claims should not be dismissed with prejudice for their continued failure to appear at their depositions on June 25, 2002. (Docket No. 50). To date, they have yet to make said showing. Now, pending before the Court is defendants' motion to dismiss the above named plaintiffs' claims for want of prosecution. Understanding that parties have an unflagging duty to comply with clearly communicated case management orders, that dismissal for failure to comply with said orders is within the sound discretion of the court, and that the Court does not have the obligation to play nursemaid to indifferent parties, these plaintiffs' claims are **DISMISSED WITH PREJUDICE**.[1] *See* Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir.1998); Pinto v. Universidad de Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990); Damiani v. Rhode Island Hosp., 704 F.2d 12, 17 (1st Cir. 1983). |

**Date**:   **June 29, 2005**

S/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

---

[1] The Court will refrain from issuing a partial judgment at this time. The First Circuit strongly disfavors partial judgments as they foster piecemeal appeals. See Nichols v. Cadle Co., 101 F.3d 1448, 1449 (1st Cir. 1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); Zayas-Green v. Casaine, 906 F.2d 18, 21 (1st Cir. 1990) ("This final judgment rule . . . furthers 'the strong congressional policy against piecemeal review.'" Id. (quoting In re Continental Investment Corp., 637 F.2d 1, 3 (1st Cir. 1980)); Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority, 888 F.2d 180, 183 (1st Cir. 1989); Consolidated Rail Corp v. Fore River Ry. Co., 861 F.2d 322, 325 (1st Cir. 1988); Spiegel v. Trustees of Tufts Coll., 843 F.2d 38, 43 (1st Cir. 1988); Santa Maria v. Owens-Ill., Inc., 808 F.2d 848, 854 (1st Cir. 1986)); see also United States v. Nixon, 418 U.S. 683, 690 (1974).