# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**CARLOS CRUZ BAEZ, et al.,**
Plaintiffs,

    v.

**CIVIL NO. 01-1619 (DRD)**

**ISIDRO NEGRON IRIZARRY, et al.,**
Defendants

## ORDER

    During the Pre-Trial Conference held on June 16, 2005, the Court inquired parties regarding whether it had been ascertained if plaintiff Pedro Irizarry Bonilla's ("Irizarry Bonilla") appointment had, in fact, been made during the electoral ban period as proscribed by 21 P.R. Laws Ann. § 4567.[1] Plaintiff announced that he was, at that very moment, made aware of this issue.[2] The Court, thus, provided parties with a June 27, 2005 deadline to brief this issue. Accordingly, on June 17, 2005, plaintiff filed a motion in compliance wherein they explained to the Court that Irizarry Bonilla's claim, pursuant to First Circuit case law,[3] would still be pursued at trial regardless of his appointment being null. Defendants duly opposed requesting the dismissal of Irizarry Bonilla's claim averring that, even if Irizarry Bonilla meets his initial burden of showing that political affiliation was the motivating factor for his termination, defendant is still entitled to this dismissal due to the existence of a legitimate non-discriminatory reason – nullity of appointment – that would have yielded the same result regardless of the existence of the constitutionally protected conduct –

---

[1] **Employees – Limitations of personnel transactions in election periods.**
    In order to ensure the faithful application of the merit principle in municipal public service at all times, the nominating authorities shall abstain from carrying out any personnel transaction that involves the areas essential to the merit principle, such as appointments, promotions, transfers, demotions, reclassifications, changes of categories of positions and employees, in a time span comprised by the two (2) months prior to the date a general election is held, and until de second Monday in January following said election.
    After due approval by the Central Personnel Administration Office, exception may be made regarding those personnel transactions deemed necessary to fulfill the needs of the service.
    In those necessary cases, it shall be the responsibility of each nominating authority to request that said personnel action be excepted from the prohibition. The request must indicate the adverse effects to be prevented through the exception. Appointments that do not comply with this procedure shall be deemed null.

[2] The Court notes that this same issue was brought to all the parties attention by the Magistrate Judge's Report and Recommendation (Docket No. 81), as well as by this Court's Opinion and Order of March 8, 2005 (Docket No. 108).

[3] <u>Rosario Urdaz v. Rivera Hernandez</u>, 350 F.3d 219, 224 (1st Cir. 2003) (holding that, even in the face of a null and void hiring, a plaintiff must be provided with the opportunity to argue that the adverse employment action was based, in fact, for political discrimination); <u>Acevedo Diaz v. Aponte</u>, 1 F.3d 64, 69 n.5 (1st Cir. 1993) (holding that nullity of appointment does not preclude a First Amendment challenge).

political affiliation.

It is well settled law that, in order to prevail in a §1983 claim, plaintiff must make a clear showing that his termination constituted patronage dismissal violative of his First Amendment right by evidencing that his political affiliation was the substantial or motivating factor underlying his dismissal. *See* Romero Barcelo v. Hernandez Agosto, 75 F.3d 23, 32 (1st Cir. 1996). Plaintiff must, first, establish a *prima facie* case of discrimination by proving that he engaged in constitutionally protected conduct and said conduct was substantial or motivating factor in the termination, thus, shifting the burden of proof to defendants. Defendants, in turn, must show that they would have proceeded in the same manner towards plaintiff regardless of his political beliefs. *See* Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568 (1977). If defendants make such a showing, then, plaintiff's claim must fail.

In the instant case, Irizarry Bonilla's claim derives from his property interest in the position of Housing Inspector from which he was terminated. However, defendants argue that an employee who is unlawfully hired into such a position, in contravention to the controlling statutes, cannot acquire a constitutionally protected property interest in that position. Notwithstanding, First Circuit case law has more than clearly resolved the issue of whether a First Amendment claim by an ex-employee who held a null and void position affords said claimant the opportunity to argue that the adverse employment action due to said nullity was a pretext for political discrimination. To that effect, it held that:

> [l]et us be perfectly clear. [...] We add that, even if the defendants can establish that the plaintiff's employment was null and void because she was hired illegally, the plaintiff still must be accorded the opportunity to argue that her dismissal on this ground was a pretext for political discrimination. If she can establish that political discrimination was a motivating factor in her ouster, the defendants must then attempt to prove that they would have made the same decision even in the absence of any discriminatory animus.

Rosario Urdaz v. Rivera Hernandez, et als, 350 F.3d 219, 224 (1st Cir. 2003) (*citing* Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, supra; Mullin v. Town of Fairhaven, 284 F.3d 31 (1st Cir. 2002). Accordingly, Irizarry Bonilla's First Amendment claim cannot be dismissed at this stage in the proceedings.

A different tale is Irizarry Bonilla's due process claim. Unquestionably, the due process clause guarantees public employees with a property interest in continued employment and the right to a pre-termination hearing. Intrinsically, in order for Irizarry Bonilla to have a due process claim, he must have a property interest in his position. *See* Board of Regents fo State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701 (1972); Educadores Puertorriquenos en Accion, et als. v. Rey Hernandez, et als., 257 F.Supp.2d 446, 452 (D.P.R. 2003) *rev'd on other grounds* (heightened pleading standard) at 367 F.3d 61 (1st Cir. 2004); Kauffman v. Puerto Rico Tel. Co., 841 F.2d 1169 (1st Cir. 1988). Furthermore, in accordance Puerto Rico law, the Court agrees with defendants' in that Irizarry Bonilla's – as he himself admitted – hiring during the electoral prohibition was illegal. Ergo,

Irizarry Bonilla's due process claim invariably mandates that this Court dismisses his claim that he was discharged in violation of the Due Process Clause.

Accordingly, defendants' request to dismiss plaintiff Pedro Irizarry Bonilla's claims (Docket No. 124) is **DENIED** as to his First Amendment claims and **GRANTED** as to his Due Process claims.

**IT IS SO ORDERED.**                                     s/Daniel R. Dominguez
                                                         **DANIEL R. DOMINGUEZ**
                                                         **U.S. DISTRICT JUDGE**