UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CARLOS A. CRUZ BAEZ, et al.**
**Plaintiffs**

    v.

                      **CIVIL NO.: 01-1619(DRD)**

**ISIDRO NEGRON IRIZARRY, et al.**
**Defendants**

## ORDER ON RECONSIDERATION

    Pending before the Court is plaintiffs' motion to partially reconsider this Court's opinion and order found at Docket No. 108 pursuant to Fed.R.Civ.P. 59(e). Plaintiffs request the Court revisit its decision and reconsider its findings that supported the Court's conclusion to grant Defendants' motions for summary judgment as to Julia Madera Tirado and Felix Casiano Rodriguez.

    A motion under Rule 59(e) must rely on at least one of three grounds: 1) intervening change in controlling law, 2) availability of new evidence not previously available, or 3) need to correct a clear error of law or prevent manifest injustice. *See* Standard Quimica de Venezuela v. Central Hispano International, Inc., 189 F.R.D.202, n.4 (D.P.R. 1999); *see also* Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir., 1994) *citing* F.D.I.C. Ins. Co. v. World University, Inc. 978 F.2d 10, 16 (1st Cir. 1992); Cherena v. Coors Brewing Com. 20 F. Supp. 2d 282, 286 (D.P.R., 1998); *see also* National Metal Finishing Com. v. Barclaysamerica/Commercial, Inc., 899 F.2d 119, 124 (1st Cir. 1990). Hence, this vehicle **may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier**". Id., at 123. *See also*, Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314 n.3 (M.D.Pa. 1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed).

    After careful review of Defendants' motions for summary judgment, Plaintiffs' oppositions, the Magistrate's Report and Recommendation and the parties' objections thereto, this Court found that in the instant case that defendants proffered a legitimate non-discriminatory reason for the adverse action against Julia Madera Tirado that, in turn, was not adequately contested by plaintiffs. Moreover, after careful consideration of Plaintiffs' *Motion for Reconsideration*, the Court finds that Plaintiffs' motion as to Ms. Madera Tirado is a reinstatement of their previous arguments previously considered and rejected in the Court's Opinion and Order (Docket No. 100). As previously stated, a request for reconsideration cannot be used merely to reargue a point already decided. Barret v. Lombardi, 239 F.3d 23, 28 (1st Cir,. 2001) *citing* Cody Inc., v. Town of Woodbury, 179 F.3d 52, 56 (2d Cir., 1999); Cashner v. Freedom Stores Inc., 98 F.3d 572, 577 (10th Cir., 1996).

    A reconsideration of a previously issued Order is "addressed to the sound discretion of the

trial court." Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir., 1986) quoting Pagan v. American Airlines Inc., 534 F.2d 990, 993 (1st Cir., 1976). The Court may grant a party's motion for reconsideration if the movant presents new evidence not previously available, an intervening change in controlling law or the need to correct a clear error of law or to prevent manifest injustice. Dodge v. Susquehanna University, 796 F.Supp. 829, 830 (M.D Pa., 1992). To the extent that the motion for reconsideration merely requests the Court to revisit Plaintiffs' previous allegations, all of which were carefully considered by the Court prior to its issuance of its Opinion & Order, the request should be refused.

Plaintiffs in the instant case failed to establish that the Court's Opinion and Order suffers from "manifest errors of law" that should be corrected Trabal Hernandez v. Sealand Service, Inc., 230 F.Supp. 2d at 259. Plaintiffs neither brought forth newly discovered evidence that the Court should consider, nor an intervening change in controlling law or the need to prevent manifest injustice, in order to be entitled to the relief sought. Dodge v. Susquehanna University, 796 F.Supp. at 830. A motion for reconsideration is not the means to simply raise a point of disagreement between the court and the litigant. Waye v. First Citizen's National Bank, 846 F.Supp. at 314 n.3. Further, plaintiffs have failed to bring forth any evidence to justify relief pursuant to Rule 60(b). In sum, Plaintiffs have failed to establish that this is a unique situation " where principles of equity *mandate* relief" Jinks v. Alliedsignal Inc., 250 F.3d at 387 quoting Olle v. Henry & Wright Corp., 910 F.2d at 365, *(emphasis in the original)*, that justifies that the extraordinarily remedy requested should be granted. Plaintiffs simply request the Court to reconsider arguments that were already discussed at this Court's order. However, this tool is not a means for a party to request the Court "to rethink a decision it has already made, rightly or wrongly." Williams v. City of Pittsburgh, 32 F.Supp. 2d at 238.

Motions for reconsideration are an extraordinary remedy which should be sparingly granted. Trabal Hernandez v. Sealand Services, Inc., 230 F.Supp.2d at 259; Nat'l Metal Finishing Co. Trabal Hernandez v. Sealand Services, Inc., 899 F.2d at 123. Plaintiffs have failed to bring forth anything that would entitle them to such exceptional remedy. Accordingly, Plaintiffs' *Motion for Partial Reconsideration of Opinion and Order* is hereby **DENIED** as to **Julia Madero Tirado**.

Notwithstanding, although re-affirming its conclusion that Pedro Felix Casiano Rodriguez did not adequately meet the "but for" prong of the requirements as set forth by *Mt. Healthy*, the Court does reconsider if Mr. Casiano Rodriguez's "short-of-dismissal" cause of action falls within the parameters pronounced by the First Circuit Court of Appeals in Acevedo Garcia v. Vera Monroig, 204 F.3d 1 (1st Cir. 2000). Plaintiffs aver that, pursuant to Acevedo Garcia, and Rutan v. Republican Party of Illinois, 497 U.S. 62, 110 S.Ct. 2729 (1990), this Court must consider Acevedo de Feliciano v. Aponte Roque, 889 F.2d 1209 (1st Cir. 1989), "dead letter" as to the *unreasonably inferior* doctrine it established. They argue, thus, that the Court must revisit its original conclusion dismissing Mr. Casiano Rodriguez's claims and allow a jury to answer whether said plaintiff's null appointment was, in fact, the motivating reason for his termination. However, the Court stresses that plaintiffs mistakenly interpret the First Circuit's holding in Acevedo Garcia as necessarily transforming Acevedo de Feliciano's *unreasonably inferior* doctrine into "dead letter". As the First Circuit has consistently held:

> [w]e have questioned, **without resolving**, the extent to which Agosto-de-Feliciano's "unreasonably inferior environment" standard applies after the Supreme Court's decision in Rutan v. Republican Party of Ill., [supra]. *See* Acevedo Garcia[, supra]; Nereida Gonzalez v. Tirado Delgado, 990 F.2d 701, 705 (1st Cir. 1993). But we have offered a rational for **retaining the "unreasonable inferior rule"** in cases [of political discrimination]. *See* Acosta Orozco v. Rodriguez de Rivera, 132 F.3d 97, 101 n.5 (1st Cir. 1997) ("We do not regard (Rutan) as necessarily foreclosing something like the 'unreasonably inferior' rule for personnel actions short of demotions or transfers.").

Ortiz Garcia v. Toledo Fernandez, 405 F.3d 21, 23 n.4 (1st Cir. 2005) (emphasis ours). Recently, the Circuit Court, once again, reiterated its holding in Acosta Orozco, and Ortiz Garcia in Gonzalez Pina v. Rodriguez, 407 F.3d 425, 431, 432 n.2 (1st Cir. 2005) ("In political discrimination claims involving changes work conditions, this court has held that plaintiffs must establish by clear and convincing evidence that their work situation is 'unreasonably inferior' to the norm, and then persuade, by a preponderance of the evidence that political affiliation motivated the adverse employment action. [ ] Subsequent to Agosto-de-Feliciano, the Supreme Court held that certain deprivations less harsh than dismissal – 'promotions, transfers, and recalls after layoffs based on political affiliation or support – are an impermissible infringement on the First Amendment rights of public employees. In so holding, the Court noted that any adverse action against public employees, no matter how minor, infringes First Amendment rights. Thus, we have questioned whether Rutan effectively overruled Agosto-de-Feliciano, particularly its so-called 'changeover' defense. Although subsequent First Circuit decisions do not regard Rutan as necessarily foreclosing the 'unreasonably inferior' standard of Agosto-de-Feliciano, they leave unresolved any conflict in such standard.") Accordingly, this Court concludes that, pursuant to First Circuit case law, the unreasonably inferior rule regarding short of dismissal causes of actions is still applicable as set forth by Acevedo de Feliciano. Therefore, plaintiffs' motion for reconsideration as to **Felix Casiano Rodriguez** is also **DENIED**.

**IT IS SO ORDERED.**

**Date: July 6, 2005**                                                                 S/ Daniel R. Dominguez
                                                                                       **DANIEL R. DOMINGUEZ**
                                                                                       **U.S. DISTRICT JUDGE**